STATE OF INDIANA, EX REL. KELLY *v.* CRANE.

[No. 10,621.   Filed December 22, 1920.]

TOWNS.—*Township Trustee.—Eligibility to Hold Office.—Statute.* —Where defendant was appointed township trustee on February 1, 1911, and at the November election, 1914, was elected to such office and held the same until January 1, 1919, and at the general election in November, 1918, received the majority of votes cast for the same office, he was eligible for eight years in any period of twelve years after the expiration of the term ending January 1, 1919, under §9564a Burns' Supp. 1918, Acts 1917 p. 681, providing that any person who "holds" the office of township trustee for one term or less shall be eligible to such office for the next ensuing term, and that thereafter such person shall be eligible not more than eight years in any period of twelve years.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by the State of Indiana, on the relation of

James F. Kelly, against Balsar T. Crane.    From a judgment for defendant, the relator appeals.    *Affirmed.*

*M. R. Sutherland* and *Ralph N. Smith,* for appellant.
*W. A. McVey, Philo Q. Doran* and *Frank J. Conboy,* for appellee.

NICHOLS, J.—Appellee on February 1, 1911, was appointed by the commissioners of Laporte county as trustee of Center township, said county, to fill out the unexpired term of the then acting trustee, for the period of four years.   Appellee held such office, under the appointment, from February 1, 1911, to January 1, 1915. At the November election, 1914, appellee was a candidate for, and was elected to, the office of such township trustee, and held the office until January 1, 1919.   At the general election, November 5, 1918, appellee was again a candidate for the same office, and in such candidacy he was opposed by appellant's relator.  There were but the two candidates, appellee receiving 1,455 votes and the relator 1,306 votes.   Relator duly qualified and made demand upon appellee for the office, but appellee refused to surrender the office, and this action resulted.

The court's ruling in sustaining appellee's demurrer to the complaint, which avers the foregoing, presents the only error for our consideration.

Appellant contends that appellee was ineligible to hold such office during the term for which he sought to be elected, and relies upon §9564a Burns' Supp. 1918, Acts 1917 p. 681.   Section 1 of this act is as follows:   "That any person who holds the office of township trustee of any township in this state for one (1) term or less, shall be eligible to said office for the next ensuing term unless otherwise disqualified.   And, thereafter, no person shall be eligible to the office of township trustee for more than eight (8) years in any period of twelve (12) years."

Appellee contends that, as his first four years of office were by appointment, the section quoted above does not apply, and relies upon §11, Art. 2 of the Constitution of the State of Indiana, which reads as follows: "In all cases in which it is provided that an office shall not be filled by the same person more than a certain number of years continuously, an appointment *pro tempore* shall not be reckoned as a part of that term." The statute is confusing in its provisions, but we are wholly unable to give it any construction that its language will justify which will give comfort to appellant. There is nothing in the wording that indicates that it was intended to be retroactive. It is not "has held," but "holds." Conceding without deciding that appellee is in the class of township trustees that have held the office "one term or less," he is eligible yet for one term, and *thereafter* he is eligible for eight years in any period of twelve years. Again conceding without deciding that appellee's "one term or less" was his appointive term, then his term just closed would be his "next ensuing term," and *thereafter* he is eligible for eight years out of twelve. We can only construe this statute; we cannot legislate.

Judgment affirmed.